IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 1:14-CR-246 |
| v. | ) | |
| | ) | The Honorable Claude M. Hilton |
| WILLIAM ANDREW CLARKE, | ) | |
| | ) | |
| Defendant. | ) | Hearing: October 24, 2014 |
| | ) | |
| | ) | |

## GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS

This Court should deny the Defendant's motion to suppress his statements to law enforcement following his arrest on October 11, 2013. After his arrest, Homeland Security Special Agent Kris Eyler read Mr. Clarke his <u>Miranda</u> rights, and she asked him if he understood his rights. He indicated that he understood his rights. Agent Eyler then asked if was willing to speak with the Agents, and Mr. Clarke indicated that he was willing to speak with agents. At all times the interview was voluntary and lacked any indication of coercion or force. The defense's motion to suppress should be denied because the interview with Mr. Clarke was voluntary and he waived his <u>Miranda</u> rights prior to questioning.

## ARGUMENT

### I.    Motion To Suppress

### A.  Clarke Waived His Miranda Rights

The Fifth Amendment provides that "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. As a prophylactic safeguard for this constitutional guarantee, the Supreme Court has required law enforcement to inform individuals who are in custody of their Fifth Amendment rights prior to interrogation. See Miranda v. Arizona, 384 U.S. 436, 444, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); United States v. Parker, 262 F.3d 415, 419 (4th Cir.2001). Without a Miranda warning, evidence obtained from the interrogation is generally inadmissible. See id.; see also United States v. Hargrove, 625 F.3d 170, 177 (4th Cir.2010); United States v. Dire, 680 F.3d 446, 472 (4th Cir. 2012).

Miranda does not impose a formalistic waiver procedure that a suspect must follow to relinquish those rights. See Berghuis v. Thompkins, 560 U.S. 370, 384-385 (2010). "As a general proposition, the law can presume that an individual who, with a full understanding of his or her rights, acts in a manner inconsistent with their exercise has made a deliberate choice to relinquish the protection those rights afford." Berghuis v. Thompkins, 560 U.S. 370, 384-385; North Carolina v. Butler, 441 U.S. 369, 372–376 (1979), Colorado v. Connelly, 479 U.S. 157, 170 (1986) ("There is obviously no reason to require more in the way of a 'voluntariness'

inquiry in the <u>Miranda</u> waiver context than in the [due process] confession context").

    <u>Miranda</u> rights can therefore be waived through means less formal than a typical waiver on the record in a courtroom, given the practical constraints and necessities of interrogation and the fact that <u>Miranda</u>'s main protection lies in advising defendants of their rights.  <u>See</u> <u>Berghuis v. Thompkins</u>, 560 U.S. 370, 384-385; <u>Moran v. Burbine</u>, 475 U.S. 412, 427 (1986).

    The defense argues that Mr. Clarke's <u>Miranda</u> waiver here was insufficient because he did not sign a written waiver form.  However, under <u>Berghuis</u>, law enforcement does not have to obtain a written waiver form.  Mr. Clarke, like the defendant in <u>Berghuis</u>, waived his <u>Miranda</u> rights by answering the Agents questions after being informed of his rights.

### B.  <u>Clarke's Statements Were Voluntary</u>

    Under the Fifth Amendment, an individual's statements during a police interview are admissible only if they are voluntary. <u>See</u> <u>Miranda</u>, 384 U.S. at 462; <u>United States v. Braxton</u>, 112 F.3d 777, 780 (4th Cir. 1997).  As a general rule, a statement is not voluntary if it is the result of coercive police activity or obtained by any sort of threats or violence, by any direct or implied promises, however slight, or by the exertion of improper influence.  <u>See</u> <u>Braxton</u>, 112 F.3d at 780 (quoting <u>Hutto v. Ross</u>, 429 U.S. 28, 30 (1976).  While a court determining whether a statement was made voluntarily must consider evidence of threats, violence, promises, or other coercive police activity, in the end, the "proper inquiry is whether

the defendant's will has been overborne or his capacity for self-determination critically impaired." <u>United States v. Pelton</u>, 835 F.2d 1067, 1071 (4th Cir.1987); <u>Braxton</u>, 112 F.3d at 780. In making this determination, a court must consider the totality of the circumstances, including the defendant's characteristics and the nature of the interview. Any statement that the court finds was given freely and voluntarily must not be suppressed. <u>See</u> <u>Braxton</u>, 112 F.3d at 781.

As the Supreme Court has explained, "[p]loys to mislead a suspect or lull him into a false sense of security that do not rise to the level of compulsion or coercion to speak are not within <u>Miranda</u>'s concerns." <u>Illinois v. Perkins</u>, 496 U.S. 292, 297 (1990). "[M]isrepresentations are insufficient, in and of themselves, to render a confession involuntary." <u>Johnson v. Pollard</u>, 559 F.3d 746, 755 (7th Cir.2009) (collecting cases); <u>Braxton</u>, 112 F.3d at 782–83 (concluding that investigator's statement "that you can do five years because you're not coming clean," did not result in involuntary confession); <u>United States v. Whitfield</u>, 695 F.3d 288, 303 (4th Cir. 2012). The determinative factor is whether such misrepresentations overbore the defendant's will. <u>See</u> <u>Frazier v. Cupp</u>, 394 U.S. 731, 739 (1969) ("[T]he fact that the police misrepresented the statements that [the co-defendant] had made is, while relevant, insufficient ... to make this otherwise voluntary confession inadmissible."); <u>Whitfield</u>, 695 F.3d at 303.

In <u>Whitfield</u>, the detectives led the defendant to believe he was only being questioned about two home break-ins, not the kidnapping and subsequent death of an elderly woman. The Fourth Circuit held that the detectives' deception was

permissible as the defendant's will was not overborne or his capacity for self-determination critically impaired.  <u>Id.</u>

In this case, the defense argues that Mr. Clarke's interview was involuntary because agents misled him about the nature of his arrest and the investigation. After his arrest, Mr. Clarke was told that Agents were investigating his accomplice "Jaye."  Agents did not tell Mr. Clarke that "Jaye" was in fact an HSI Agent acting in an undercover capacity.  As in <u>Whitfield</u>, this approach by the agents may have lulled Mr. Clarke into a false sense of security, but it did not rise to the level of compulsion or coercion.  Mr. Clarke was still free to make decisions about whether or not he wanted to speak to agents.  His statements to the Agents were voluntary and should not be suppressed.

## <u>Conclusion</u>

The defense's motion to suppress should be denied because Mr. Clarke waived his <u>Miranda</u> rights and his statements were voluntary.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
Matt Gardner
Assistant United States Attorney
Eastern District of Virginia
*Counsel for the United States*
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: <u>matthew.gardner@usdoj.gov</u>

Date: September 15, 2014

## CERTIFICATE OF SERVICE

I hereby certify that on this day, I electronically filed the foregoing Response and Opposition to the Defendant's Motion with the Clerk of Court using the CM/ECF system, which will send a notification of that electronic filling (NEF), and I have also served by email a copy of the foregoing to the following:

Karin R. Porter, Esq.
David B. Benowitz, Esq.
Price Benowitz, LLP
10605 Judicial Dr., Bldg. A-1
Suite 200
Fairfax, VA 22030
Phone: 703-399-1220
Karin@pricebenowitz.com
david@pricebenowitz.com

Respectfully submitted,

Dana J. Boente
United States Attorney

By: _____/s/_____
Matt Gardner
Assistant United States Attorney
Eastern District of Virginia
*Counsel for the United States*
2100 Jamieson Avenue
Alexandria, VA 22314
Phone: (703) 299-3700
Fax: (703) 299-3980
Email: matthew.gardner@usdoj.gov

Date: September 15, 2014