# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
## Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v. )<br>)<br>WILLIAM ANDREW CLARKE, )<br>)<br>Defendant. )<br>) | Crim. No. 1:14-CR-246<br>Probation Officer: Tracey M. White |

## **DEFENDANT'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

Defendant William Andrew Clarke, through counsel, respectfully submits the following objections to the Presentence Investigation Report ("PSR") received April 17, 2015.

### INTRODUCTION

Mr. Clarke and counsel commend Probation Officer White for preparation of the PSR, which was prompt, thorough, and accurate. The PSR was received by counsel on April 17, 2015 and reviewed with Mr. Clarke. Mr. Clarke hereby submits the following objections, pursuant to Federal Rule of Criminal Procedure 32(f).

### OBJECTIONS

1. Defendant objects to Paragraph 23. The government produced no evidence that the individuals in the picture sent by the agent were actually juveniles, and thus Mr. Clarke proposes that the paragraph be rewritten as follows: "On October 10, 2013, the agent responded to varing419@gmail.com via email, 'Are you OK with spending a weekend with us. I think it's a waste of time to do only one day. On Friday's we do PnP night (porn n pizza). We all sit on the

couch naked eat pizza and watch some sort of porn everything from adult down to the kiddie stuff and I jerk off. That would be a GREAT way to break the ice with the kids. That and if you could bring them a small toy.' The email contained an image attachment titled 'R U cumming.pdf' depicting the agent, holding a sign reading 'R U cumming to see us??', and a person purported as a female juvenile depicted from the neck down and fully clothed. The agent immediately followed up by sending an email that included an image attachment titled 'Mark n Amy.pdf.' The image purports to depict a male and female juvenile both sitting on a red bench next to a Snoopy statue. Both individuals are fully clothed with their faces obscured." (See Gov't Exs. 10-13).

2. Defendant objects to Paragraph 24 to the extent that it indicates that he had been sexually molested by his uncle as a child, and that he had participated in sexual molestation of the children of his college friend "Jeff." Mr. Clarke has consistently denied ever engaging in either act. (*See* Report of Dr. Ronald Weiner ("Weiner Report"), attached to PSR). Furthermore, at trial, Mr. Clarke elicited testimony from his college friends named "Jeff" and their children that no such molestation ever occurred. The government had no objection to that testimony and makes no assertion that Mr. Clarke was ever involved in sexual molestation as either a perpetrator or a victim. Further, government witnesses indicated that their investigation of this matter resulted in their being no evidence that Mr. Clarke ever engaged in any misconduct involving minors. Accordingly, Mr. Clarke respectfully requests that references to such molestation be omitted from paragraph 24 because these references are substantively false and therefore irrelevant to offense conduct in this case.

3. Defendant objects to Paragraph 26. Mr. Clarke was observed approaching the vehicle at 1:50 in the afternoon, not 1:50 in the morning. He requests that this typo be corrected to reflect this.

4. Defendant objects to Paragraph 29. The paragraph indicates that forensic analysis of the defendant's laptop and cell phone revealed images of child pornography. However, the images were discovered in the cache space of the laptop computer and there was no indication that they were ever downloaded or viewed by Mr. Clarke. Because of this, Mr. Clarke respectfully requests that the last sentence be removed from the paragraph.

5. Defendant objects to Paragraph 37. Because the use of a computer is nearly always a component of Section 2422(b) prosecutions the application serves, *de facto*, to raise the base offense level from 28 to 30. Defendant asserts that this contradicts the careful consideration of the Sentencing Commission in setting the base level of the offense, and respectfully requests that the two point enhancement not be applied.

6. Defendant objects to Paragraph 38. Because the minors at issue were fictional, any harm alleged by the government is not comparable to the alleged harm that would be caused by the actual enticement of a minor who was actually under the age of 12. There was no evidence adduced at trial proving that the purported juveniles in the photographs used as exhibits were in fact less than twelve (12) years old. Furthermore, as indicated in the report of Dr. Weiner, Mr. Clarke has never been found to harbor sexual attraction toward prepubescent children. (*See* Weiner Report at 2). Dr. Weiner's report would seem to indicate that he does not pose the same danger of a person who is sexually attracted to young children. Therefore, the policy rationale for application of the eight level enhancement of USSG § 2G1.3(b)(5) does not apply. Mr. Clarke respectfully requests that the enhancement not be applied.

7. Defendant objects to Paragraph 81. For reasons stated above, he respectfully requests that his offense level be set at 28, which would set his guidelines sentence range at 78-97 months.

8. Defendant objects to Paragraph 83. Defendant asserts that, in the alternative of adjusting the calculation of his guidelines sentencing range, the reasons stated above (supra ¶¶ 5-6) support a departure from the applicable sentencing guidelines range.

WHEREFORE, Defendant hereby files his objections to the PSR, respectfully requests that Probation Officer White meet with the parties to discuss the proposed changes, and requests that an addendum be prepared for the Court.

WILLIAM ANDREW CLARKE
By Counsel

/s/ Karin R. Porter
_____
Karin Riley Porter, VSB# 48709
David B. Benowitz, DCB# 451557
Price Benowitz, LLP
10605 Judicial Dr., Bldg. A-1
Suite 200
Fairfax, VA 22030
Phone: (703) 399-1220
Fax: (703) 991-0604
Karin@pricebenowitz.com
David@pricebenowitz.com

CERTIFICATE OF SERVICE

  I HEREBY CERTIFY THAT on the 4th day of May, 2015, I served the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notice of such filing to the following:
  Matthew Gardner, Assistant U.S. Attorney
  2100 Jamieson Ave.
  Alexandria, VA 22314
  Matthew.gardner@usdog.gov

  I FURTHER CERTIFY that a copy of the foregoing was delivered via email to the following, pursuant to Federal Rule of Criminal Procedure 32(f)(2):
  Tracey M. White, U.S. Probation Officer
  Albert V. Bryan United States Courthouse
  401 Courthouse Sq., 3rd Floor
  Alexandria, VA 22314
  Tracey_White@vaep.uscourts.gov

    /s/ Karin Riley Porter
    _____
    Karin Riley Porter, Esq.