1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

_____

```
                              )
UNITED STATES OF AMERICA      )
                              )  Case No. 1:14-cr-246
        v.                    )  Alexandria, Virginia
                              )
WILLIAM ANDREW CLARKE,        )  May 22, 2015
                              )  9:19 a.m.
        Defendant.            )
                              )
```

_____

TRANSCRIPT OF SENTENCING

BEFORE THE HONORABLE CLAUDE M. HILTON

UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the United States:   Scott A. Claffee, Esq.

For the Defendant:       Karin R. Porter, Esq.
                         David B. Benowitz, Esq.
                         Joseph D. King, Esq.
                         Defendant William Andrew Clarke,
                         in person

Court Reporter:       Tracy L. Westfall, RPR, CMRS, CCR
Proceedings reported by machine shorthand, transcript produced
by computer-aided transcription.

Tracy L. Westfall  OCR-USDC/EDVA

1          P R O C E E D I N G S

2          THE CLERK:  Criminal No. 2014-246, *United States of*

3  *America v. William Andrew Clarke*.

4          MR. CLAFFEE:  Good morning, Your Honor.  Scott Claffee

5  for the United States.

6          MS. PORTER:  Good morning, Your Honor.  Karin Porter

7  for Mr. Clarke.

8          THE COURT:  Good morning.

9          MR. BENOWITZ:  Good morning, Your Honor.  David

10  Benowitz on behalf of Mr. Clarke.

11          THE COURT:  Good morning.

12          MR. KING:  Good morning, Your Honor.  Joseph King on

13  behalf of Mr. Clarke.

14          THE COURT:  Good morning.  Counsel, have you and your

15  client had an opportunity to review this presentence report?

16          MS. PORTER:  Yes, Your Honor.

17          THE COURT:  Any corrections you wish to make to it?

18          MS. PORTER:  Yes, Your Honor.

19          As far as the corrections go, Your Honor, we are asking

20  the Court to look at paragraph 29 in the PSR, which talks

21  about -- there's a reference to child pornography that was found

22  on the laptop that was seized from the defendant's car.

23          Your Honor, we're asking the Court to strike that from

24  the PSR on the basis that there's simply no evidence that we are

25  aware of that supports two things:  No. 1, that it's known child

1   pornography and that the subjects in the images are less than

2   18; and, No. 2, that Mr. Clarke was actually in possession of

3   the images or viewed them.

4          I would point out to the Court that the information

5   that we received is that the NCMEC report, the National Center

6   for Missing and Exploited Children's Report, indicated that

7   there was no known pornography.

8          Your Honor, Mr. Clarke was not charged with that

9   offense.  We understand that that type of conduct can be

10  included in the PSR, but we ask Your Honor to think about the

11  prejudice that would come to the defendant if Your Honor were to

12  allow that in the PSR.  Your Honor, the prejudice in this case

13  simply outweighs any governmental purpose because the Bureau of

14  Prisons will take a look at that factor and it will come into

15  consideration when they do their classification.

16         So, Your Honor, based on the lack of strong evidence to

17  support that Mr. Clarke was in possession or even viewed those

18  images, we submit to the Court that the prejudice simply

19  outweighs the governmental purpose.

20         THE COURT:  Well, I think that motion ought to be

21  denied.  I mean, that's what this whole case is about, this

22  paragraph.  There's plenty of evidence about the same thing

23  throughout the report.  Your motion will be denied in that

24  regard.

25         MS. PORTER:  Yes, Your Honor.  And I'll move on, Your

1   Honor, to the two enhancement categories in this case from the

2   guidelines.  Looking at paragraph 37 and then in paragraph 38,

3   I'll address those in turn.

4          First, paragraph 37 reflects the computer enhancement

5   for 2422(b) crimes.  Your Honor, this is a two-point enhancement

6   from the base offense level.  We're asking the Court to strike

7   that or simply not consider that when reviewing a sentence in

8   this case, because, Your Honor, in this modern day and age,

9   these crimes are almost always through the use of computers.

10  For the guidelines to add points to that is redundant, and it

11  double counts the actions or it double counts the factors that

12  would have already been considered by the guidelines in

13  determining the base offense.

14         So our argument, Your Honor, is that should simply be

15  stricken as an enhancement in this case because it's

16  duplicative.  And, again, the prejudicial effect to the

17  defendant is outweighed by any probative value of those

18  enhancements.

19         THE COURT:  Well, that will be denied as well.  I think

20  you'll have to take that up with the people that are doing these

21  guidelines.  Everybody has some problems with what the

22  guidelines are.  This is calculated in accordance with the

23  guidelines and the guideline instructions.

24         MS. PORTER:  Yes, Your Honor.  And then moving on

25  quickly, Your Honor, to the age enhancement.

1          As Your Honor knows, that's an eight-point addition to

2    the base level here.  Your Honor, the eight point, we would

3    submit to the Court, is an arbitrary number that simply

4    catapults these numbers from the base level up to 38.

5          Your Honor, then to think that, in this particular case

6    as it applied here, there were no minors.  Also, the photographs

7    that were entered into evidence by the government, there was no

8    evidence to support that the subjects in those images were in

9    fact under 12.

10          So, Your Honor, we think that based on what the

11   evidence was at the trial, Your Honor can look at that and

12   determine that the evidence is insufficient to support the age

13   enhancement in this case.  It's simply too much here with not

14   enough evidence to support that enhancement.

15          THE COURT:  All right.  Well, I find there's ample

16   evidence to support it, and your motion in that regard will be

17   denied.

18          MS. PORTER:  Thank you, Your Honor.

19          As it relates to the guidelines, that's all the

20   objections that we have.

21          THE COURT:  All right.  Is there anything you want to

22   say about sentencing?

23          MS. PORTER:  Yes, Your Honor.

24          I had filed a motion to strike the mandatory minimum

25   based upon the Eighth Amendment.  We'd ask permission, Your

1    Honor, to address that to the Court prior to going into our

2    arguments for a downward departure for a variance.

3              THE COURT:  All right.

4              MS. PORTER:  Thank you, Your Honor.

5              In addition to the arguments that we set forth in our

6    memo, I would argue, Your Honor, that we'd ask the Court to

7    consider this Eighth Amendment challenge in the context of a

8    categorical challenge for 2422(b) cases like this one.  And as

9    Your Honor knows, this was a governmental sting in which there

10   were no children involved.  There was no threat to children

11   involved.

12             This type of 2422(b) case is a category of cases that

13   Your Honor has seen and this Court his seen.  But I would submit

14   to Your Honor, respectfully, that this type of category 2422(b)

15   case should be separate.  There should be an analysis done in

16   which the Court can consider the nature of the offense and then

17   the nature of the defendant himself.

18             What I'm getting at, Your Honor, is our challenge is

19   that a mandatory minimum by statute for this type of category of

20   cases is unconstitutional and constitutes cruel and unusual

21   punishment because, Your Honor, it takes away your discretion to

22   look at the facts of the case that the jury heard here and

23   decide, you know what? this is not a 10-year case, but Congress

24   has said that I have to give no less than 10 years.

25             We would argue, Your Honor, that simply here that

1   that's not appropriate.  It's more than not appropriate.  It's a

2   constitutional violation for Mr. Clarke and other people in his

3   shoes.

4          The reason why, Your Honor, I say that is because if

5   you look at in 2006 when Congress doubled the mandatory minimum

6   from 5 to 10 years, it was based on merely nothing.  There was

7   hardly any debate about it.  There was no empirical data to

8   support why are we going from 5 to 10?  Why are we taking the

9   district court's discretionary power to look at these types of

10  cases for what they are?  Are they 10 years?  Are they 2 years?

11  Are they 3 years?

12         But the Congress, based on virtually nothing, has taken

13  away Your Honor's discretion.  And that's what we're asking the

14  Court to find is an Eighth Amendment, a constitutional

15  violation.

16         THE COURT:  All right.  Well, your motion in that

17  regard will be denied.  I find that there's no constitutional

18  violation here.

19         MS. PORTER:  Thank you, Your Honor.

20         Getting to, Your Honor, our request for a downward

21  variance in this case, we'd ask the Court to reflect upon,

22  again, the nature and circumstances of the offense here and the

23  characteristics of Mr. Clarke.

24         I would submit to Your Honor, if you take a look and

25  balance those two factors with each other, what we have is a

1   case that the government presented that was not real.  Nothing

2   about the evidence presented to that jury back in February was

3   real.  Agent Laws was not real.  The children were not real.

4   The discussions, the back and forth, were dirty talk, fantasy.

5   Discussions only, not actions.

6          When we take that, Your Honor should look at that and

7   compare it to Mr. Clarke himself.  He is real, and he has had a

8   very significant, positive impact upon his family, his

9   neighbors, his students, the members of the adult community with

10  disabilities that he's worked decades for to assist.  Your

11  Honor, that is real, and that is a real positive impact that

12  this defendant has.

13         He has no criminal history.  He's 44 years old.  And I

14  would submit to Your Honor that you've received 15 letters in

15  support of Mr. Clarke to show that despite what they know about

16  the verdict in this case, despite that, they put in words and

17  letters to the Court begging for leniency because of what they

18  know about Mr. Clarke.

19         And I know that Your Honor has read it and seen the

20  specific examples, but I can tell you, Your Honor, based on my

21  13 years doing this job, I have never seen so many letters come

22  in after a guilty verdict, especially with a charge such as

23  this.

24         I'd like to point Your Honor to Exhibit 5.  That's a

25  letter from Christie Cremo and Carlton Douglas.  Your Honor,

1  this struck me because these people are not family with

2  Mr. Clarke.  They hardly knew him.  But they became tenants of

3  him.  And I would just cut to the chase on this letter, Your

4  Honor, and quote from it.

5       It says to Your Honor, "Never in our lives has someone

6  been so kind and generous.  We would give him the shirts off our

7  backs if he ever needed it.  Despite his legal troubles over the

8  past year and a half, we remain loyal to him.  He has been more

9  like a parent to us than a landlord."

10      And, Your Honor, there's no familial ties here.

11  They're speaking to the Court because of what they know about

12  him.  Your Honor, I think that should be taken into

13  consideration, and it certainly weighs in favor of the defendant

14  on that factor.

15      Your Honor, moving on then for, again, in respect to

16  Your Honor denying our motion, the Eighth Amendment motion, we

17  understand now we're in a position where you must impose the

18  10 years.  I would submit to Your Honor that is a sufficient

19  sentence, more than sufficient sentence, to achieve

20  rehabilitation, deterrence, and punishment in this case.

21      On top of that, as Your Honor knows, he's going to be

22  registered as a sex offender and he will be wearing that Scarlet

23  Letter for the rest of his life.  That is a virtual life

24  sentence that should be considered when Your Honor decides

25  whether or not more than 10 years is appropriate.

1           His career is over, Your Honor.  He is a

2   well-recognized advocate for people with -- adults with

3   disabilities, specifically autism, and also he's a certified

4   behavioral analyst.  He's dedicated his life to making the lives

5   of others better.

6           Your Honor, I would also move on specifically to

7   Dr. Weiner's report on page 2, and it's paragraph 3, where he

8   talks about how he opines after treating the defendant for

9   15 months that he is not a pedophile.  There's no evidence that

10  he has a sexual interest in children, Your Honor, and we think

11  that is significant.

12          Dr. Weiner is a respected doctor in the field of sex

13  offender treatment, Your Honor.  So I think that holds a lot of

14  weight into consideration of whether or not Mr. Clarke would

15  pose a danger if released at liberty in this case.

16          Your Honor, finally, getting to comparative sentences

17  and having uniformity in sentences to comport with justice and

18  fairness, I would point out to Your Honor that in my memo, I set

19  forth the sentences for three other defendants that were also

20  convicted in this case for virtually the same sting operation,

21  same facts, same players.

22          That is reflected, we have Defendant Parsch who

23  received 122 months, Defendant Goddard who received 120 months,

24  and then Defendant Rondum who received 120 months.  So we ask

25  Your Honor to consider that in comparison to Mr. Clarke and to

1   not punish him for going to trial, Your Honor.

2          Finally, in closing, Your Honor, we would ask the Court

3   to consider the time that Mr. Clarke has spent on house arrest,

4   it's been over 12 months, and to take that also into

5   consideration when fashioning a sentence that his liberty,

6   although he has not been incarcerated, has been certainly

7   curtailed with the GPS monitoring, and he has been completely

8   compliant with all requirements from probation.

9          Finally, Your Honor, our last request would be to ask

10  Your Honor to allow him to self-surrender and to make a

11  recommendation to the Bureau of Prisons to allow him to go to

12  the Petersburg minimum security camp where my understanding is

13  that they do have sex offender treatment programs there.  He

14  would be a good fit for that.

15         Your Honor, based on all of this, I would sincerely

16  submit to the Court that there is absolutely no reason for Your

17  Honor to give anything more than what is statutorily required in

18  this case.  We respectfully ask you to do so.  Thank you.

19         THE COURT:  All right.

20         MR. CLAFFEE:  Briefly, Your Honor.  The United States'

21  position is that a guidelines range sentence would be

22  appropriate for the reasons contained in our papers, but I did

23  want to briefly respond to some of defense's arguments.

24         First, with respect to the specifics of the crime and

25  the fact that there were no real minors involved, this is

1  specifically taken into account by both Congress, and the

2  legislative history contemplates law enforcement undercover

3  operations, and also the application notes to the sentencing

4  guidelines specifically includes fictitious individuals

5  represented by law enforcement to be under 18 and available for

6  sex.  So those are things that are taken into account in the

7  guidelines range here.

8        In terms of whether or not the defendant has an actual

9  interest in minors, this is irrelevant because a jury found that

10  he was actually attempting to persuade children to have sex with

11  him for whatever reason, pedophile or not.  This statute makes

12  no distinction between punishing pedophiles versus others.

13        Third, with respect to other sentences, defense cited

14  12 cases in other sentences for 2422(b) violations.  They fail

15  to mention that of the 12 cases they cited, ten of them were the

16  result of guilty pleas, and in almost all of them, the United

17  States recommended 10 years in the plea agreement or its

18  sentencing position paper.

19        There were actually two trials.  One was sentenced

20  after trial to the recommended sentence that the government put

21  forth.  The other defendant got 15 years.  And there were two

22  pleas where the defendant got roughly 300-month sentences, which

23  is more in line with the guideline range here, and I would note

24  that those pleas included the enhancements for use of a computer

25  and for the minor being under 12 years old.

1           Finally, quickly with respect to house arrest credit,

2    that's not available here.  I would point Your Honor to

3    sentencing guidelines section 5C1.1(f), that for sentences of

4    this nature, house arrest credit is not available.

5           THE COURT:  All right.  Mr. Clarke, would you come to

6    the podium.

7           Is there anything you want to say at this time?

8           THE DEFENDANT:  No, thank you, Your Honor.

9           THE COURT:  All right.  Well, I find the guideline

10   factors in this case to be properly assessed at a range of 235

11   to 293 months.  That because of your financial condition, the

12   imposition of any fine or cost is not warranted.  And

13   considering the factors which I must under Section 3553, I find

14   that a sentence somewhat below the guideline range would be

15   appropriate.

16          It will be the sentence of the Court, Mr. Clarke, that

17   you be committed to the custody of the Attorney General to serve

18   a term of 120 months, a term of life under supervised release,

19   and pay a special assessment fine of a hundred dollars.

20          Now, there are some conditions of your supervised

21   release.  The first is that you undergo any sexual or mental

22   health treatment that may be required by your probation officer

23   or any monitoring in that regard.  Second, that you have no

24   unsupervised contact with minors.  Third, that you register as a

25   sex offender as you are required to do.  Fourth, that you submit

1   to any type of computer monitoring that may be required by your

2   probation officer.

3         I will allow you to voluntarily surrender yourself once

4   space is available, and I will recommend the facility at

5   Petersburg.

6         THE DEFENDANT:  Thank you.

7         MS. PORTER:  Thank you, Your Honor.

8         MR. KING:  Your Honor, Joseph King on behalf of

9   Mr. Clarke.

10        I want to respectfully inquire whether the Court would

11  be willing to take up the motion for release pending appeal that

12  we filed on his behalf.

13        THE COURT:  I'd be willing to take up it, but that

14  motion will be denied.  I find that there's little likelihood of

15  success on appeal.  That motion will be denied.

16        MR. KING:  Your Honor, may I be permitted to make

17  argument on that?

18        THE COURT:  Pardon me?

19        MR. KING:  Your Honor, may I be permitted to make

20  argument on that?

21        THE COURT:  I don't think argument's necessary.  I

22  understand your motion.  I saw it.  I understand it.

23        MR. KING:  All right.

24        THE COURT:  It will be denied.

25        MR. KING:  Thank you, Your Honor.

1          *  *  *

2      (Proceedings concluded at 9:38 a.m.)

1          CERTIFICATION

2

3          I certify, this 4th day of June 2015, that the

4    foregoing is a correct transcript from the record of proceedings

5    in the above-entitled matter to the best of my ability.

6

7                    /s/

8                    _____
                     Tracy Westfall, RPR, CMRS, CCR

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25