UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 1:14-mj-239 |
| v. | ) | Alexandria, Virginia |
| | ) | |
| WILLIAM ANDREW CLARKE, | ) | May 27, 2014 |
| | ) | 2:39 p.m. |
| Defendant. | ) | |

TRANSCRIPT OF HEARING

BEFORE THE HONORABLE JOHN F. ANDERSON

UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff: Matthew J. Gardner, Esq.

For the Defendant: Karin R. Porter, Esq.
Defendant William Andrew Clarke, in person

(Proceedings digitally recorded by the FTR system.)

P R O C E E D I N G S

THE CLERK: *United States v. William Clarke*. Case No. 14-239-mj.

MS. PORTER: Good afternoon, Your Honor. Karin Porter on behalf of Mr. Clarke.

THE COURT: Thank you, Ms. Porter.

MR. GARDNER: Good afternoon, Your Honor. Matt Gardner for the United States.

THE COURT: Thank you. Good afternoon, Mr. Clarke.

Okay. The purpose of this hearing today, Mr. Clarke, is to inform you of the charge that's been brought against you and the penalty you face if found guilty of that charge.

We're also going to discuss setting this matter down for a preliminary hearing, if you want to have a preliminary hearing on this charge, and then we'll deal with the issue of detention.

Okay. You've retained Ms. Porter to represent you so I don't have to worry about the issues having to do with counsel.

So at this point I'll have counsel inform you of the charge that's been brought against you and the penalty you face if found guilty of that charge.

MR. GARDNER: Your Honor, Mr. Clarke has been charged in a one-count complaint with online coercion and enticement of a minor in violation of 18 U.S.C. 2422. The maximum penalties he faces are a minimum mandatory sentence of 10 years in custody

up to life in custody, a period of supervised release between 5 years and up to life, a $250,000 fine, a $10 special assessment, as well as registration as a sex offender.

THE COURT: Okay. Thank you.

All right. Let me -- I've reviewed the information in the pretrial services report. Let me hear what the government's position is on detention before I hear from Ms. Porter.

MR. GARDNER: Your Honor, the government is not recommending detention in this case. The government believes that release along the lines of the recommendation in the pretrial services report is appropriate, including the GPS monitoring and release to the third-party custodian, Mr. Clarke, who Mr. Pet has spoken with and that he would be an appropriate third-party custodian.

THE COURT: All right. Okay. Ms. Porter, let me ask you a few -- do we want to set this matter down for a preliminary hearing or do you want to waive a preliminary hearing in this case?

MS. PORTER: Your Honor, we would ask the Court to set it for a preliminary hearing. If possible --

THE COURT: Have you-all talked about dates? You want to do it Thursday or Friday of this week?

MR. GARDNER: I'm fine with either. Actually, I won't be here, but I've spoken with someone in my office who can be here.

MS. PORTER: Would it be possible, Your Honor, to do it Thursday in the morning hours?

THE COURT: No. It would have to be -- duty is at 2 o'clock. So it would be either be at 2 o'clock Thursday or at 2 o'clock Friday.

MS. PORTER: Court's indulgence, one moment.

If we could do it Friday at 2 o'clock?

THE COURT: Is that okay with the government?

MR. GARDNER: That is. Thank you.

THE COURT: Okay. I'll go ahead and set this matter down for a preliminary hearing on Friday, 2 p.m.

MS. PORTER: Thank you.

THE COURT: Okay. Ms. Porter, what about the conditions of release that have been proposed by pretrial services?

MS. PORTER: Thank you, Your Honor. First, as a preliminary matter, Your Honor, Mr. James Clarke is present in the courtroom. If you could just rise --

THE COURT: Thank you, Mr. Clarke.

MS. PORTER: -- one moment.

Your Honor, he's an attorney. He's a member of this court as well as the Supreme Court of Virginia. He is the first cousin of my client, and he has been deemed suitable by pretrial services to be a custodian for my client.

Some background information on the home issue. I would

state to Your Honor that both my client and Mr. James Clarke own several properties together and they also reside together. There's a property in -- an apartment in Reston, Virginia, which is the primary residence in which Mr. James Clarke resides in Monday through Friday, and then he travels to Tappahannock, Virginia, where they have a river home down there as well as a rental property right next door.

So Mr. James Clarke does have a weekly schedule that has him working Monday through Friday and then going to Tappahannock on the weekends. I've spoken to Mr. Gardener and he does not have an objection for my client sort of shadowing that schedule with Mr. Clarke.

I would offer to Your Honor that Mr. Clarke, my client, has been in almost daily contact with me since he was arrested in Fairfax County on state charges. That was on or about October 10th of 2013.

There were state charges pending until April 9th of this year. He was released on bond, basically, the day of the bond motion, which was the next court date after his arrest, on a $10,000 secured bond with no pretrial supervision. He's remained, like I said, in constant contact.

On April 9th at the preliminary hearing, by agreement between Mr. Gardner's office and the Commonwealth's Attorney's Office in Fairfax County, those state charges were nol-prossed and my client had no court restraint whatsoever.

He's not a flight risk, Your Honor. I would present to the Court that he was born and raised in Virginia. His parents are in Virginia, his brother, his cousin. He lives with his cousin. He also, Your Honor, has been gainfully employed up until the time he was put on administrative leave with Didlake, which is a company in which he works as the director of autism services which is company that provides employment services for people who suffer from autism, and that would be adults only.

Your Honor, we would ask the Court for the Court not to require the GPS monitoring in this case. And I would state, Your Honor, the basis for that would be, first of all, that my client has presented himself not to be a flight risk and there's been --

THE COURT: All right. So he's not a flight risk.

What about danger to the community?

MS. PORTER: Yes, Your Honor.

THE COURT: These are very, very serious charges.

MS. PORTER: Yes, Your Honor. And I would submit to the Court that based on the allegations of the government in the affidavit, that this was a sting operation conducted by immigration and customs --

THE COURT: A sting operation. He didn't know he wasn't going to meet a father to have sex with the father's daughter. It may have been a sting operation, but he didn't know about it until he appeared there. So the idea that that

somehow diminishes the danger to the community, I don't see it.

MS. PORTER: Yes, Your Honor. I understand your position. I was just offering the other mitigating circumstances in this case so Your Honor could make an informed decision. And we would offer that the point of pretrial release conditions is to offer the least restrictive measures to ensure the safety of the community and, of course, as well as the -- to secure the appearance of the defendant.

And I think, Your Honor, that thus far, my client has proven himself not to be a danger to the community. He has absolutely no arrest record. He's 43 years old. He was evaluated by Dr. Anita Boss in November who determined him to be a low risk of recidivism, as well as he's seeking treatment through Dr. Ronald Weiner in Silver Spring, Maryland, on a weekly basis, Your Honor.

So given the circumstances, I would suggest to the Court that GPS monitoring is just not necessary, Your Honor. We would ask you not to order that condition.

THE COURT: Okay. All right. Well, Mr. Clarke, would you please stand.

Mr. Clarke, as you've heard me say before, the charge that's been brought against you is a very, very serious one. It's not often that the Court lets people out on conditions of release given the serious nature of a charge like this. But given the recommendation by pretrial services and with the

agreement of the government, I am going to allow you to be released on certain conditions of release.

You do need to understand that if you violate these conditions of release in any way whatsoever, you'll be brought back into court and you'll be remaining in custody pending the trial of the case.

You understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. All right. And I think you need to understand that these conditions, while serious, are better than being in jail. That, you know, you should be thankful your lawyer has been able to negotiate any conditions of release in this case, much less getting special -- even more special treatment. But I'm going to go ahead and allow you to be released on a personal recognizance bond on the following conditions.

You'll be required to report to pretrial services as directed.

You're to be released to and reside in the third-party custody of Mr. James Clarke.

You're not to move from that residence without prior approval of pretrial services or the Court.

You're to refrain from having any contact with minors under the age of 18 unless another adult is present who's been approved in advance by pretrial services.

You're to refrain from possessing or having access to a computer or the Internet unless related to employment as directed pretrial services. And that also -- and that access to the Internet means smartphones and things like that as well. So you're going to need to talk to your pretrial services officer about that.

You're to refrain from possessing or utilizing any video gaming system or console, phones with Internet capabilities, or other devices which would enable contact or sharing data with other individuals known or unknown to the defendant.

You're to submit to and pay for sex offender evaluation and treatment conducted by a certified sex offender treatment provider as directed by pretrial services.

You're to notify your current or future employers of the charged offense as directed by pretrial services.

You're to refrain from possessing or having access to any firearms, destructive devices, or other dangerous weapons as directed by pretrial services.

I am going to require you to submit to and pay for home detention with active GPS monitoring with time-outs as directed by pretrial services.

I'm not allowing you -- I'm not ordering that you be allowed to go to Tappahannock, Virginia, on the weekends. That's something that pretrial services is going to have the

discretion to do. The idea of you being monitored in two separate locations, you know, I'm not sure that's feasible by pretrial services.

But you'll be released to the third-party custodian of Mr. Clarke and if you can work it out with pretrial services for those to be monitored and go from that location to another for certain time periods. But, you know, I'm concerned, and I don't know what the location is in Tappahannock, whether it's near a beach or things like that, but I'm concerned, and it would have to be approved by pretrial services before you go there so that they can do a site visit and understand what the situation is and what you would be exposed to and what other people would be exposed by having you there. So those are the conditions that I'll allow you to be released under.

Again, I caution you. If you violate those conditions in any way whatsoever, you'll be brought back into court and you'll be remaining in custody. You understand that?

Ms. Porter, do you have any questions at this time?

MS. PORTER: No, Your Honor. Thank you.

THE COURT: I'll see you back in court on Friday afternoon at 2 p.m. So you'll be released here today, required to be back here in court on Friday for a preliminary hearing.

Okay. Anything else from the government?

MR. GARDNER: No, Your Honor. Thank you.

THE COURT: Thank you, sir. You should meet with your

pretrial services officer before you leave the courthouse here today. Wait a minute or two and then you'll be able to meet with your pretrial services officer, okay --

MS. PORTER: Thank you, Your Honor.

THE COURT: -- following court.

* * *

(Proceedings concluded at 2:50 p.m.)

CERTIFICATION

I certify, this 2nd day of July 2015, that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter to the best of my ability.

/s/

______________________________________
Tracy Westfall, RPR, CMRS, CCR